G. W. MOORE, RESPONDENT, *v.* W. H. PACKWOOD AND J. W. VIRTUE, APPELLANTS.

SUPREME COURT—REGULAR TERM MAY BE APPOINTED.—A term of the Supreme Court, appointed by an order of the court, entered in the journal thereof in term time, is a regular term within the meaning of the statute governing appeals.

APPEAL from Baker County.

On May 23, 1874, a judgment was rendered in the Circuit Court for Baker County in favor of respondent, and against appellants, for money. On May —, 1874, an appeal was taken from such judgment to this Court, but no transcript was filed here by the second day of the August term, 1874. At that time, respondent, by his counsel, produced a certified copy of the notice of appeal, undertaking and judgment, and moved for an affirmance of the judgment, and for ten per cent. damages thereon, upon the ground that no transcript had been filed here by appellants within the time required by law.

*S. Ellsworth,* for Appellants.

*Knight & Lord and L. O. Sterns,* for Respondent.

By the Court, PRIM, J.:

Section 531 of the Code provides that, "upon the appeal being perfected, the appellant must, by the second day of the next regular term of the appellate court thereafter, file with the clerk of such court the transcript of the cause." It is further provided, that if the transcript is not filed as

above provided, "the appeal is to be deemed abandoned;" and by subdivision 4 of the same section, it is provided that, "if the appeal be abandoned, * * * thereafter the judgment or decree, so far as it is for the recovery of money, may be enforced against the sureties in the undertaking."

This motion is resisted by appellants upon the ground that the August term of this Court was not the "next regular term" thereof, because it was a term appointed by the court instead of a term appointed by the Legislative Assembly. In other words, it is claimed that the Legislature had no authority, under the Constitution of this State, to authorize the Court to appoint or fix the time when a term of this Court should be held. As a great many judgments have been rendered already, at terms appointed in this manner, the question presented becomes a very important one, and it should be finally settled by a decision of this Court.

Article VII, § 7, of the Constitution of this State provides that "the terms of the Supreme Court shall be appointed by law." In pursuance of this provision, in 1872 the Legislature passed an act providing that "a term of the Supreme Court shall be held at the seat of government on the second Monday in December, annually, and at such other times as the said Court may appoint, by an order entered in the journal in term time. But it is claimed that so much of this section as authorizes this Court to designate the time when "such other terms shall be held," is unconstitutional and void, upon the ground that the Legislature cannot delegate legislative power to the Court. It is insisted that the people having delegated to the Legislative Assembly all the legislative powers at the seat of government, limited and controlled only by the Federal and State Constitutions, that it could not delegate any of these powers to another tribunal.

In the case of *People of Illinois* v. *Reynolds* (reported in 5 Gilman, part 1), the constitutionality of a law similar to the one under consideration was sustained by the court—where the Legislature passed a law providing for the divis-

ion of a county, to take effect on a majority of the votes being cast for such division. The case was thoroughly and ably argued at bar and it is a well-considered case.

Caton, J., in announcing the opinion of the court, said : "If the saying be true that the Legislature cannot delegate its powers, it is only in its most general sense. We may well admit that the Legislature cannot delegate its general legislative authority, still it may authorize many things to be done by others which it might properly do itself. All power possessed by the Legislature is delegated to it by the people, and yet few will be found to insist that whatever the Legislature may do, it shall do, or else it shall go undone. To establish such a principle in a large State would be almost to destroy the government. The Legislature may grant ferry licenses or it may lay out roads and specify their metes and bounds, and yet who will doubt that it may delegate this power to others, either by general or special laws ? So, also, it may pass all the laws requisite for the government of a particular city or township, or school district, and who will doubt the propriety of its authorizing this to be done by the people within the limits of the city, town or district, by their local representatives, or even directly. This is making laws, and laws, too, of as binding efficacy as if passed directly by the Legislature. They are dependent upon the Legislature for their vitality and force. We see, then, that while the Legislature may not divest itself of its proper functions or delegate its general legislative authority, it may still authorize others to do those things which it might properly, yet cannot understandingly or advantageously do itself. Without this, legislation would become oppressive and yet imbecile. Local laws almost universally call into action, to a greater or less extent, the agency and discretion either of the people or individuals, to accomplish in detail what is authorized or required in general terms. The object to be accomplished, or the thing permitted, may be specified, and the rest left to the agency of others, with better opportunities of accomplishing the object or doing the thing understandingly."

In the law under consideration the Legislature has pro-

vided the time when one term of the Supreme Court shall be held, and in the same act has provided the mode by which the time may be fixed when other terms shall be held, leaving it to the Court to name such other times as may best meet the exigencies of the business. Thus the Legislature, in providing the mode by which the time may be fixed, has to all intents and purposes fixed the term itself— merely leaving the Court to designate the day upon which it shall commence. (8 Cal. 381.)

The judgment should be affirmed, with ten per cent. damages.